he was the person named in the indictment which counsel declared he held in his hand, which indictment was against him (Emanuel M. Hein), and was found at the complaint of Louis Bloch, who had been his employer. It is unnecessary to say anything further upon this subject than to quote from the case of Van Bokkelen v. Berdell, 130 N. Y. 145, 29 N. E. 255:

"The defendant, upon his cross-examination, was asked if he was under indictment for perjury. This question was objected to, the objection was overruled, and an exception taken. He was compelled to answer that he had been told so, but that he had not seen the papers. While a witness may be discredited by showing his conviction for an offense, we do not understand it to be competent to discredit him by showing that he has been indicted. People v. Crapo, 76 N. Y. 288; Ryan v. People, 79 N. Y. 593; People v. Noelke, 94 N. Y. 137–144; People v. Irving, 95 N. Y. 541–544."

The judgment and order must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

---

(38 App. Div. 111.)

PRITCHARD v. NEDERLAND LIFE INS. CO., Limited.

(Supreme Court, Appellate Division, First Department. March 10, 1899.)

PLEADING—STRIKING OUT COMPLAINT.

    An amended complaint is improperly stricken out on the ground that it was served merely for purposes of delay, and contained no new, pertinent allegations, where such additional allegations were essential to certain features of the cause of action set out in the original complaint, and their absence might have precluded plaintiff from giving evidence necessary to the cause of action.

Appeal from special term, New York county.

Action by William B. Pritchard against the Nederland Life Insurance Company, Limited. From an order striking out an amended complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN and INGRAHAM, JJ.

L. Sturcke, for appellant.
W. W. Thompson, for respondent.

VAN BRUNT, P. J. The amended complaint in this action was stricken out upon the ground that it was served merely for the purposes of delay, and contained no new allegations pertinent to the plaintiff's cause of action. We think this was error. All the additional allegations contained in the amended complaint were pertinent and essential to certain features of the cause of action set out in the original complaint, and without their presence the plaintiff might have been precluded from giving evidence pertinent to the cause of action which had been attempted to be set out in the original complaint. It is rather difficult to see how any great desire for delay could have been imputed to the plaintiff, when the defendant had taken nearly five months to serve its answer.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.